# EXHIBIT “B”

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

ANGELO FRANCOIS,

Plaintiff,

CASE NO.:

v.

WALMART, INC.,
and JOHN DOE, as Manager

Defendants.

_____________________________/

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

**COMPLAINT**

COMES NOW, Plaintiff, ANGELO FRANCOIS, by and through the undersigned attorneys, and hereby sues the Defendants, WALMART, INC. (hereinafter "WALMART") and JOHN DOE, as Manager, and alleges:

**GENERAL ALLEGATIONS**

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/16/2025 04:52:49 PM.****

2. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida.

3. At all times material hereto, the Defendant was a business registered to operate in the state of Florida and maintained a property for the regular transaction of its business in Broward County, Florida.

4. Upon information and belief, Defendant, JOHN DOE, is a natural person residing in the State of Florida and was and is *sui juris*.

5. Venue is proper in this Court because Defendants conduct their business operations within Broward County, Florida, and the incident giving rise to this action occurred in Broward County, Florida.

**COUNT I - LIABILITY AS TO WALMART**

Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 5, as though fully set forth herein and further states:

6. At all times material hereto, and on or about September 28, 2023, Defendant, WALMART owned, operated, managed, controlled, maintained, and/or possessed a department and/or grocery store known as WALMART, located at 5001 n Federal Highway, Pompano Beach, FL 33064 ("Premises"), said business being open to the general public, including Plaintiff.

7. At all times material hereto, the Defendant expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

8. On or about September 28, 2023, Plaintiff visited Defendants' premises located at the above address as a business invitee.

NOT AN OFFICIAL COPY - CCIS ATTORNEY OF RECORD

9. At said time and place, Plaintiff was a business invitee, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for Plaintiff's safety.

10. At that time and place, Plaintiff suddenly and without warning slipped and fell due to a foreign liquid substance being left upon the floor.

11. At all times material hereto, WALMART had actual knowledge of the liquid on the floor of the aisle. Alternatively, the liquid on the floor existed for such a length of time that, in the exercise of reasonable care, Defendant should have known about it; or the liquid was on the floor of the aisle with regularity and was therefore foreseeable.

12. As Plaintiff shopped, he stepped in the liquid causing him to fall.

13. At all times material hereto, the Defendant, WALMART, by and through its employees, agents, and assigns, owed a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises in a reasonably safe condition, and to warn Plaintiff of latent or concealed dangers, which are or should be known to the Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care. The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a) Negligently creating and/or allowing a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff;

b) Negligently failing to maintain or adequately maintain the premises to prevent Plaintiff from encountering a hazardous condition;

c) Negligently failing to inspect or adequately inspect the premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff;

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

d) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant;

e) Negligently failing to warn the Plaintiff of said dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

14. As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

**WHEREFORE**, Plaintiff, ANGELO FRANCOIS, sues Defendant, WALMART, for damages and demands judgment in excess of fifty thousand dollars ($50,000.00), plus interest and costs, and for any other relief this Court deems just and proper.

**COUNT II – NEGLIGENCE AGAINST DEFENDANT, JOHN DOE, AS STORE MANAGER**

Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 6, as though fully set forth herein and further states:

15. At all times material hereto, Defendant, JOHN DOE, as manager of the WALMART store located at the aforementioned address, was in control of said business.

16. At said time and place, Defendant, JOHN DOE, owed to Plaintiff the duty to provide a reasonably safe environment, including, but not limited to, maintaining the store

grounds and its surrounding premises including any and all shopping aisle(s), lanes, open shopping areas/lobby, entrances, exits, and the like, encompassing the entire storefront, so they would not become slipping and/or falling hazards to unsuspecting customers, and a duty to warn said customers such as Plaintiff of the dangerous condition, JOHN DOE had, or should have had knowledge greater than that of Plaintiff, and/or duty to correct a dangerous condition about which, JOHN DOE either knew or should have known, by use of reasonable care.

17. Defendant, JOHN DOE negligently failed to exercise reasonable care relating to the said business premises while under his control in that he failed to take reasonable precautions to maintain said premises in a safe condition.

18. Among the duties of the Defendant, JOHN DOE, as being the person in control of the premises referred to in numbered paragraph 6 above, was to conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous substances on the floor of said premises and to clean up or remove such dangerous substances prior to business invitees being injured thereby and to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, while shopping on and at said premises.

19. Notwithstanding that there were located in said store overhead cameras to maintain constant or periodic view of the aisles of said store, some or all of said cameras were without necessary film or were not in working order, so that dangerous conditions could and would be timely viewed if the cameras were viewed as they were intended; which was one of the responsibilities of Defendant, JOHN DOE, during the period that he was in control of said store, and which duty he failed to perform. Had such duty been performed, the dangerous condition which

NOT AN OFFICIAL COPY - OCIS - ATTORNEY OF RECORD

caused Plaintiff to fall and injure herself would have been observed in time to have corrected such dangerous condition.

20. Further, although Defendant WALMART, furnished to Defendant JOHN DOE a training video directing the manner and time for performing ordinary general maintenance of the premises, that video did not address periodic inspections to discover and correct dangerous conditions in said store, such as the condition which caused Plaintiff to fall and injure herself; that aspect of maintenance and care having been the responsibility of the individual in control of said premises, to wit: Defendant JOHN DOE at the time of the subject accident.

21. Defendant JOHN DOE, being then in control of said premises, failed to perform such duty in that he failed to inspect and discover, either individually or by persons under his control, the dangerous condition which caused Plaintiff to fall and injure herself. But for the negligent failure of Defendant, JOHN DOE, while in control of such premises, to perform, individually or by persons under his control, such duties and responsibilities, Plaintiff would not have fallen and injured herself, as aforesaid.

22. As a direct and proximate result of the failure of Defendant, JOHN DOE, while being in control of said business premises referred to in numbered paragraph 6 above, to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury or damage, said Defendant acted negligently by failing to exercise reasonable care in the maintenance, inspection, warning or mode of operation of said business premises, resulting in Plaintiff, while her attention was distracted by the arrangement on the shelves displaying goods on said premises, to slip and fall on transitory foreign substances or objects on the floor in the vicinity of such shelves, resulting in Plaintiff suffering injuries and damages as a result of falling to the floor.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

23. Defendant, JOHN DOE, knew, or in the exercise of reasonable care should have known, of the existence of the dangerous condition on the Premises and should have taken action to remedy same.

24. The dangerous condition existed for a sufficient length of time that, in the exercise of reasonable care, Defendant, JOHN DOE, knew or should have known of the condition and should have taken action to remedy same.

25. The dangerous condition occurred with such regularity that it was foreseeable to Defendant, JOHN DOE, and the Defendant should have taken action to remedy same.

26. As a direct and proximate result of Defendant's negligence, Plaintiff fell and suffered permanent bodily injury in and about her body and extremities, including, but not limited to, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future, and aggravation of a previously existing condition. These losses are either permanent and continuing, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, ANGELO FRANCOIS, sues Defendant, JOHN DOE, for damages and demands judgment in excess of fifty thousand dollars ($50,000), plus interest and costs, and for any other relief this Court deems just and proper.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

**DEMAND FOR JURY TRIAL**

Plaintiff, ANGELO FRANCOIS, demands trial by jury on all issues triable as of right by jury.

Dated this 16th day of June 2025.

***/ By: Carlos O. Fernandez***

CARLOS O. FERNANDEZ
Florida Bar Number: 065277
MORGAN & MORGAN, P.A.
Attorneys for Plaintiff
703 Waterford Way, St. 1000
Miami, FL 33126
Telephone: (786) 843-4001
Facsimile: (786) 582-3427
carlos.fernandez@forthepeople.com
smansfield@forthepeople.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD